IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT RICH (BOP #19351-077), Petitioner, v. RODNEY CHANDLER, Warden, FCI-Fort Worth, Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 4:13-CV-775-C |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS, ORDER DISMISSING PETITION UNDER § 2241 AS AN ABUSE OF THE WRIT, AND ORDER IMPOSING SANCTIONS ON ROBERT RICH

In this action brought by Petitioner, Robert Rich, under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and -numbered cause:

1. the pleadings and record;

2. the proposed findings, conclusions, and recommendation of the United States Magistrate Judge filed on October 10, 2013; and

3. the Petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States Magistrate Judge filed on October 30, 2013.[1]

---

[1] Together with his written objections, Rich filed a motion asking the Court to construe the document he filed with the form petition under § 2241 in this case on October 7, 2013, labeled as "Request for Leave of Court," as a memorandum in support. As the Court has considered the arguments in that document, there is no basis for Rich's motion, and such motion (doc. 7) therefore is DENIED.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed as an abuse of the writ, and that Rich should be sanctioned for the reasons stated in the magistrate judge's findings and conclusions and as set forth herein.

Robert Rich raises in the instant petition under 28 U.S.C. § 2241 a claim that, under *Richardson v. United States,* 526 U.S. 813 (1999), his conviction in the United States District Court for the Eastern District of Louisiana in case number 2:89-CR-087-CJB-1 for conducting a continuing criminal enterprise under 21 U.S.C. § 848 was the result of improper jury argument and the result of inadequate jury instructions. But, Rich already raised successive claims for relief under § 2255 based upon *Richardson* so many times that the United States Court of Appeals for the Fifth Circuit imposed a monetary sanction of $250.00 because of Rich's failure to heed that court's warnings related to successive § 2255 motions. *Rich v. Tamez,* 489 F. App'x 754, 754-55 (5th Cir. Oct. 5, 2012). Rich also previously sought relief under 28 U.S.C. § 2241 in this, the Fort Worth Division of the Northern District of Texas, raising the same or similar claims, and that action was dismissed in *Rich v. Tamez,* No. 4:09-CV-172-A.

Undeterred, Rich again filed claims arising under *Richardson* in *Rich v. Tamez,* No. 4:11-CV-206-Y, and on that occasion, the Court dismissed Rich's § 2241 petition as an abuse of the writ. Furthermore, the Court expressly warned Rich that "any future filings submitted under 28 U.S.C. § 2241 challenging the conviction he received in the United States District Court for the Eastern District of Louisiana in case number 2:89-CR-087-CJB-1 under *Richardson v. United States,* 526 U.S. 813, 824 (1999), may result in the imposition of sanctions, including monetary sanctions or a bar to filing any civil actions in federal court without first obtaining prior

2

authorization from a district judge or magistrate judge." (*Rich v. Tamez,* No. 4:11-CV-206-Y, 2011 WL 5559958, at *1 (N.D. Tex. November 15, 2011.) Rich appealed that order, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous, noting: "Rich is warned that future filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file pleadings in this Court or any court subject to this court's jurisdiction." *Rich v. Tamez,* 489 F. App'x at 754-55. Rich even filed a petition for writ of certiorari, and the Supreme Court denied, noting: "As petitioner has repeatedly abused this Court's process, the clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1" *Rich v. Tamez,* 133 S. Ct. 1509 (2013).

In this latest filing of a petition under § 2241, the magistrate judge has recounted Rich's history and recommended that the instant petition again be dismissed as an abuse of the writ and that this time sanctions be imposed upon Rich. In his objections, Rich acknowledges the prior warnings but contends that "the warnings were worded in such a way as to allow for the submission of § 2241 applications seeking relief under *Richardson* from claims of actual innocence--claims establishing that [Rich] may have been convicted for a nonexistent offense." (Objections at 3.) This argument is frivolous as Rich is still challenging his conviction in this action based upon *Richardson.* As noted by the magistrate judge, when the court of appeals previously imposed a monetary sanction upon Rich, it was "because Rich failed to heed [a prior] warning." *See In re Rich,* No. 07-30650 (5th Cir. Sep. 5, 2007). The Court concludes that such a monetary sanction is warranted again.

Therefore, the findings, conclusions, and recommendation of the magistrate judge that this action must be dismissed as an abuse of the writ of habeas corpus and sanctions imposed is ADOPTED.[2]

Petitioner Robert Rich's petition for writ of habeas corpus under 28 U.S.C. § 2241 in this action is DISMISSED as an abuse of the writ of habeas corpus. Robert Rich, BOP No. 19351-077, is ORDERED to pay a monetary sanction of **$500.00** to the Clerk of this Court. The Clerk of this Court is directed to refuse to file any pro se pleadings from Rich challenging a conviction or sentence unless Rich submits proof of satisfaction of this monetary sanction. If Rich attempts to file in this Court any pleadings challenging a conviction or sentence without such proof, the Clerk will docket them for administrative purposes only. Any submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

Dated this  1st  day of November, 2013.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

---

[2] A district court may raise the issue of repetitive frivolous claims or abuse of the writ *sua sponte*. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 N.1 (5th Cir.), *cert. den'd*, 520 U.S. 1267 (1997); *see generally Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (recognizing authority of district courts to raise non-jurisdictional affirmative defenses *sua sponte* in habeas cases - including abuse of the writ) (citing *Rodriguez* and *McQueen v. Whitley*, 989 F.2d 184, 185 (5th Cir. 1993) (abuse of the writ).